UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| JEREMY ALLEN MAYFIELD and MAYFIELD MOTORSPORTS, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, INC.; BRIAN ZACHARY FRANCE; AEGIS SCIENCES CORPORATION; DAVID LEE BLACK, Ph.D; and DOUGLAS F. AUKERMAN, M.D., <br><br> Defendants. | Hon. Graham C. Mullen <br> Case No. 3:09-cv-00220-GCM <br><br> DEFENDANTS' <br> MOTION FOR RULE 11 <br> SANCTIONS |

Come now Defendants, by and through counsel, and move the Court pursuant to its inherent authority to enforce the North Carolina Legislature's codification of Rule 11 (N.C. Gen. Stat. § 1A-1, Rule 11) as to conduct that occurred prior to removal, to issue sanctions against Plaintiffs, and in support of said motion submit the affidavits of Darla Inglish (Midwestern State University registrar), Theodore Shults (Chairman of the American Association of Medical Review Officers), Nori C. Jones (Vice President of American Association for Clinical Chemistry), Brian Compney (Executive Director of Medical Review Officer Certification Council), Sworn Statement of Federico De Noreiga Olea and state as follows:

1.  On or about May 29, 2009, at 1:03 p.m., Plaintiffs filed their verified complaint and the Affidavit of Harvey MacFenerstein in North Carolina Superior Court for Mecklenburg County (the "Complaint"). Dk. # 1.1.

1

2. Contemporaneous with the filing of the Complaint, the Plaintiffs requested and received a hearing before the Superior Court on Plaintiffs' motion for a temporary restraining order ("TRO") requesting that the Superior Court lift the suspension of Jeremy Mayfield ("Mayfield") imposed by NASCAR for a failed drug test and allow Mayfield to participate in NASCAR events as a driver. Dk. # 1.1 (Complt. ¶¶ 142-144).

3. Plaintiffs presented no evidence in support of the motion for a TRO other than the MacFenerstein Affidavit, the verified Complaint and arguments of counsel.

4. Defendants were provided notice of the TRO hearing at 4:10 p.m. on May 28, 2009. Dk. # 1.1 (Complt. ¶ 144).

5. Defendants were not provided the Complaint and MacFenerstein Affidavit until approximately ten minutes before the TRO hearing on May 29, 2009.

6. Plaintiffs' basis for injunctive relief was that Defendant NASCAR did not comply with the **"**Mandatory Guidelines for Federal Workplace Drug Testing Programs" 69 F.R. 19644 (April 13, 2004) (the "Federal Guidelines"). Dk. # 1.1 (Complt. ¶ 84, Ex. C).

7. Plaintiffs and Plaintiffs' counsel presented the MacFenerstein Affidavit as expert testimony to support Plaintiffs' position that Defendant NASCAR failed to comply with the Federal Guidelines in conducting the testing of Mayfield's urine and to provide some evidence of the standard of care.

8. The MacFenerstein Affidavit addressed the testing procedures under the Federal Guidelines and claimed that the Federal Guidelines were the standard for the private testing conducted for Defendant NASCAR by Defendant Aegis Sciences Corp. ("Aegis").

9. The Superior Court denied the motion for the TRO on May 29, 2009, but issued a "gag order" on the parties and counsel and set a subsequent hearing for June 3, 2009. Dk. # 1.5.

10. Defendants removed the case from State Superior Court to this Court on June 2, 2009. Dk. # 1.

11. By filing the MacFenerstein Affidavit with the Superior Court, Plaintiffs' attorney and Plaintiffs asserted that to the best of their knowledge, information and belief, formed after reasonable inquiry, the facts stated in the MacFenerstein Affidavit were well grounded. This certification included:

   a. MacFenerstein's statement that he has "a Bachelor of Science degree in Medical Technology from Mid Western [sic] State University of Texas" (MacFenerstein Aff. ¶ 4);

   b. MacFenerstein's statement that in 1982 he obtained "a Medical Doctor degree in Clinical Pathology from CETED University" (MacFenerstein Aff. ¶ 4);

   c. MacFenerstein's statement that he is an "M.D." (MacFenerstein Aff. page 1 (title), page 6 (signature));

   d. MacFenerstein's statement of membership in Clinical Laboratory Management Association, American Association of [sic] Clinical Chemistry. (MacFenerstein Aff. ¶ 6);

   e. MacFenerstein's statement that he is a medical review officer (MRO) (MacFenerstein Aff. ¶ 8); and

   f. MacFenerstein's statement that his laboratory is HHS certified. (MacFenerstein Aff. ¶ 7).

12. Subsequent to removal to federal court, Defendants made the necessary inquiry into the facts asserted in the MacFenerstein Affidavit, determined that the basis for Plaintiffs' TRO motion in Superior Court was not well grounded and that Plaintiffs presented false testimony to the Superior Court.

13. The MacFenerstein Affidavit contains false statements regarding his credentials:

   a. MacFenerstein did *not* graduate or receive a degree of any kind from Midwestern State University of Texas. (Exhibit A, ¶ 4 – Affidavit of Midwestern State University Registrar, Darla Inglish, dated June 4, 2009).

   b. CETED and UNAM in Mexico have *no* record of MacFenerstein as a former or current student. Exhibit B– Statement of Federico De Noriega Olea, dated June 15, 2009, ¶ 5.

   c. There is *no* record of Mr. Harvey MacFenerstein's registration as a medical doctor in Mexico. Exhibit B, ¶ 5; Exhibit C – Statement of Katrina Arguello Lemus, Subdirector of Professional Associations, dated June 11, 2009, at 1.

   d. MacFenerstein is *not* a member of the "American Association of [sic] Clinical Chemistry" (the correct name is American Association *for* Clinical Chemistry), Exhibit D – Affidavit of Nori C. Jones, Vice President American Association for Clinical Chemistry, ¶ 5.

   e. The two certifying MRO bodies, the American Association of Medical Review Officers ("AAMRO") and the Medical Review Officer Certification Council ("MROCC") have *no* records of his certification as an MRO. Exhibit E – Affidavit of Theodore F. Shults, Founder and Chairman of AAMRO, ¶ 7; Exhibit F – Affidavit of Brian Compney, Executive Director of MROCC, ¶ 6.

14. All actions of Plaintiffs complained of occurred in North Carolina State Superior Court and North Carolina's codification of Rule 11 is properly applied to this matter.

15. Plaintiffs and Plaintiffs' counsel did not make a reasonable inquiry into the facts presented to the Superior Court.

16. Defendants bring this motion at the earliest moment possible, as they were without sufficient information to file this motion prior to removal to this Court. Counsel for Defendants conferenced with counsel for Plaintiffs prior to filing this motion, advising as to the falsity of the assertions in the MacFenerstein Affidavit.

17. Sanctions are appropriately awarded against Plaintiffs and Plaintiffs' counsel for all costs incurred in the defense of the Plaintiffs' motion for a TRO and the investigation of MacFenerstein's credentials, including attorneys' fees.

18. Upon the grant of this Motion Defendants will submit a bill of cost and fees for the Court's review.

WHEREFORE, the Defendants pray the Court:

1. Grant Defendants' motion for sanctions;

2. Award sanctions, including costs and fees, pursuant to its authority to enforce North Carolina's codification of Rule 11 as to conduct that occurred prior to removal;

3. Dismiss those portions of the complaint which are based upon MacFenerstein's Affidavit; and

4. Such other relief as the Court deems just and proper.

Dated: June 16, 2009

Respectfully submitted,

/s/ T. Paul Hendrick
N.C. Bar No. 5656
/s/ Matthew Bryant
N.C. Bar No. 21947
/s/ Timothy Nerhood
N.C. Bar No. 25432
Hendrick, Bryant & Nerhood, LLP
723 Coliseum Drive, Suite 101
Winston Salem, North Carolina 27106
Telephone: 336.723.7200 Facsimile: 336.723.7201
PHendrick@hendricklawfirm.com
MBryant@hendricklawfirm.com
TNerhood@hendricklawfirm.com
*Attorneys for Defendants*

Helen M. Maher
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: 914.749.8200
Facsimile: 914.749.8300
hmaher@bsfllp.com
*Attorneys for Defendants National Association for Stock Car Auto Racing, Inc. and Brian Z. France*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an attorney at law licensed to practice law in the State of North Carolina, is attorney for *NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, INC.; BRIAN ZACHARY FRANCE; AEGIS SCIENCES CORPORATION; DAVID LEE BLACK, Ph.D; and DOUGLAS F. AUKERMAN, M.D*., and is a person of such age and discretion as to be competent to serve process.

That on June 16, 2009, he served a copy of the attached DEFENDANTS MOTION FOR RULE 11 SANCTIONS, by electronic transmission (via e-mail), and by placing said copy in a depository of the United States Postal Service, postage prepaid and addressed to the person(s) hereinafter named, at the address(es) stated below.

ADDRESSEE(S):

William K. Diehl, Jr.
John R. Buric
Richard S. Wright
JAMES MCELROY & DIEHL, P.A.
600 S. College Street, Suite 3000
Charlotte, NC 28202-1825
*Attorneys for Plaintiffs*

　　　　　　　　　　　　　　　　　　　　/s/ Matthew H. Bryant
　　　　　　　　　　　　　　　　　　　　Matthew H. Bryant