# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:09-CV-220-GCM

| | |
|---|---|
| JEREMY A. MAYFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | ORDER |
| NATIONAL ASSOCIATION FOR STOCK ) | |
| CAR AUTO RACING, INC., et al, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the court upon Defendants' Motion for Relief under Rule 60(b)(5) of the Federal Rules of Civil Procedure, filed on July15, 2009, seeking relief from the court's July 1, 2009 preliminary injunction ruling, entered July 7, 2009. The Defendants argue that prospective application of the Order is no longer equitable in light of new drug tests and new testimony. However, prior to filing the 60(b)(5) motion, Defendants appealed the ruling on July 6, 2009. On July 24, 2009 the Fourth Circuit Court of Appeals granted a stay of the July 1 preliminary injunction.

The question before the court now is whether it has jurisdiction to decide Defendants' 60(b)(5) motion. Rule 60(b)(5) is not applicable to interlocutory decisions, such as preliminary injunctions, but only to final judgments. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991). However, that is not the court's main jurisdictional issue because as the Court of Appeals pointed out in *Fayetteville Investors*, a district court may reconsider an interlocutory order at anytime by treating the order as one filed under 54(b). *Id.* at 1469-70. The main problem is that Defendants have divested the court of jurisdiction by filing an appeal of the very order they now ask this court to vacate. A district court "loses jurisdiction

to amend or vacate its order after the notice of appeal has been filed . . . ." *Lewis v. Tobacco Workers' Int'l Union*, 577 F.2d 1135, 1139 (4th Cir. 1978). If a district court vacated a judgment while on appeal, "two courts would be exercising jurisdiction over the same matter at the same time–a situation that the Supreme Court has directed courts to avoid." *Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 890-91 (4th Cir. 1999). Therefore, the court has no way of changing its preliminary injunction ruling, and on those grounds, the court will deny Defendants' Motion for Relief.

However, Fourth Circuit precedence, new facts, and a change in the preliminary injunction standard instruct the court to "indicate its inclination to grant the motion in writing." *Id.*[1] at 891. Writing a short memorandum stating the court's inclination serves the purposes of saving judicial resources and avoiding expense and delay. *Id.* Therefore, due to new factual developments in the case and also a new preliminary injunction standard,[2] the court is hereby indicating its inclination to grant Defendants motion. Accordingly,

**IT IS THEREFORE ORDERED** that the Motion for Relief under 60(b)(5) is **DENIED**.

Signed: September 1, 2009

Graham C. Mullen
United States District Judge

---

[1] The court acknowledges that *Fobian* deals with a final order; nevertheless, the court believes it is still pertinent to the issue at hand.

[2] *The Real Truth About Obama, Inc. v. Federal Election Com'n*, 2009 WL 2408735 at*4 (4th Cir. 2009)(overruling *Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1997).