IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-CV-220-MU

JEREMY ALLEN MAYFIELD and )
MAYFIELD MOTORSPORTS, INC., )
        Plaintiffs, )
         )
vs. )     ORDER
         )
NATIONAL ASSOCIATION FOR STOCK )
CAR AUTO RACING, INC., et al, )
         )
        Defendants. )
_____ )

**THIS MATTER** is before this Court upon Defendants' Motion for Rule 11 Sanctions against Plaintiffs and their counsel. For reasons given below, this motion is **DENIED**.

Defendants filed a motion asking this Court to sanction Plaintiffs and their counsel pursuant to North Carolina's Rule 11 ("N.C. Rule 11") statute: Rules Civ. Proc., N.C. Gen. Stat. § 1A-1, Rule 11. The Defendants allege that Plaintiffs submitted a "false affidavit" as the "sole evidentiary basis" for their temporary restraining order (TRO) filed in the Superior Court of North Carolina. The affidavit in question—Affidavit of Harvey MacFernstein, M.D. ("the Affidavit")—allegedly had a number of false statements about Harvey MacFernstein's qualifications as an expert witness. Most of these inaccuracies were allegedly based on untruthful statements by Mr. MacFernstein about his education and affiliations, and at least one inaccuracy was allegedly an editorial oversight.

After Plaintiffs' TRO filing, Defendants removed this matter to federal court and then filed this motion. Defendants argue that N.C. Rule 11—rather than the Federal Rules of Civil Procedure 11 ("FRCP 11")—should apply since the challenged conduct occurred "pre-removal."

The import of applying the state rule is it does not have the 21 days "safe harbor" provision contained in the federal rule—a provision with which the Defendants did not comply. *Compare Rice v. Danas, Inc.*, 514 S.E.2d 97, 100 (N.C. Ct. App. 1999) ("[A] party should make a [N.C.] Rule 11 motion within a reasonable time after he discovers an alleged impropriety.") (internal quotation marks omitted) *with* Fed. R. Civ. Pro. 11(c)(2) ("The motion . . . must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.").

Defendants are correct that sanctions for pre-removal conduct can only be brought under North Carolina's Rule 11. The Federal Rules of Civil Procedure 81(c)(1) states that the "[federal] rules apply to a civil action after it is removed from a state court." Fed. R. Civ. P. 81(c)(1). This includes FRCP 11. *Willy v. Coastal Corp.*, 503 U.S. 131, 134 (1992). Although Federal Rule 11 governs after removal, it does "not apply to the filing of motions prior to removal." *Kirby v. Allegheny Beverage Corp.*, 811 F.2d 253, 257 (4th Cir. 1987). Courts have therefore applied state sanction statutes to pre-removal filings to prevent an enforcement gap that would allow plaintiffs to submit "utterly baseless papers in state court." *Griffen v. City of Oklahoma City*, 3 F.3d 336, 341 (10th Cir. 1993); *see also Paymen v. Mizra*, 2003 WL 751010, *2 n.1 (W.D. Va. 2005) (stating in dicta that the court could enforce Virginia's Rule 11-like sanction statute).

Since Plaintiffs' TRO filing occurred in state court, N.C. Rule 11 controls, and Defendants need only file their N.C. Rule 11 motion "within a reasonable time after [discovering] an alleged impropriety." *Rice*, 514 S.E.2d at 100. Plaintiffs filed their state TRO on May 28, 2009, and Defendants filed this motion for sanctions on June 16, 2009. This span

did not evince delay by the Defendants, and allowed the Plaintiffs enough time to investigate any potential errors; the court therefore holds that Defendants filed within a reasonable amount of time.

Applying North Carolina's Rule 11, the court holds that Plaintiffs' TRO filing does not warrant sanctions. North Carolina's Rule 11 reads in relevant part that "[t]he signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact." N.C. Gen. Stat. § 1A-1, Rule 11(a). An inquiry was reasonable when counsel (1) "undertook a reasonable inquiry into the facts" and (2) "after reviewing the results of his inquiry, [counsel] reasonably believed that his position was well grounded in fact." *Page v. Roscoe, LLC.*, 497 S.E.2d 422, 425 (N.C. Ct. App. 1998). This is a standard of "objective reasonableness under the circumstances." *Turner v. Duke University*, 381 S.E.2d 706, 713 (N.C. 1989).

Defendants cite only one case—*Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 892 F.2d 809 (9th Cir. 1989)—in support of their argument that the Plaintiffs and Plaintiffs' counsel did not make a "reasonable inquiry." In *Business Guides* the plaintiff gave a false affidavit, which its counsel submitted to the court in support of a TRO. *Id.* at 804-05. When the plaintiff realized some of the information was false, it conducted an insufficient investigation that identified only some of the falsehoods, and then submitted a supplemental affidavit that still had errors. *Id.* at 805. The lower court held that plaintiff's counsel could not be sanctioned for taking at face value the facts in the initial affidavit. *Id.* at 806.

Here, Plaintiffs' counsel made a reasonable inquiry into Mr. MacFernstien's qualifications. Like *Business Guides*, in which counsel behaved reasonably in accepting the

facts in the initial false affidavit, it was objectively reasonable for Plaintiffs' counsel to take as truthful Mr. MacFernstien's representations in his sworn affidavit. Mr. MacFernstein does appear to be the CEO of a real medical lab—at the very least Defendants have not alleged this to be false—and it does not strike the court as unreasonable that counsel would believe that someone of Mr. Macfernstein's position would have the qualifications he claimed to have. Plaintiffs' counsel did indeed probe Mr. MacFernstein about his qualifications, and they received a fax from Mr. MacFernstien that filled in some of the blanks in his resume. Plaintiffs' counsel did make an editorial oversight by failing to remove the assertion that Mr. MacFernstein is a "medical review officer"; however, this error was most likely inadvertent and not serious enough to support levying sanctions. *See, e.g.*, *In re Bress*, 562 F.3d 284, 288 (4th Cir. 2009) ("[W]e can only conclude that FEMA's error in one portion of its . . . brief was an inadvertent mistake, not a deliberate attempt to mislead or a failure to conduct a reasonable inquiry." Such an isolated, inadvertent error does not justify Rule 11 sanctions.").

Nor will this Court sanction the Plaintiffs for filing the MacFernstien Affidavit. Unlike the plaintiff in *Business Guides*, Mayfield and his co-Plaintiffs are not the direct source of the false affidavit.

For these reasons, IT IS HEREBY ORDERED that Defendants' Motion for Rule 11 Sanctions is **DENIED**.

Signed: October 6, 2009

Graham C. Mullen
United States District Judge