IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-CV-220-MU

JEREMY ALLEN MAYFIELD and )
MAYFIELD MOTORSPORTS, INC., )
                                                                       )
        Plaintiffs, )
                                                                        )         ORDER
v. )
                                                                        )
NATIONAL ASSOCIATION FOR STOCK )
CAR AUTO RACING, INC., et al, )
                                                                        )
        Defendants. )

**INTRODUCTION**

       THIS MATTER is before the Court on Plaintiffs' Motion to Remand for lack of subject matter jurisdiction. For reasons given below, this motion is **DENIED**.

**BACKGROUND**

       This action was filed on May 29, 2009, and Defendants removed this case in June of 2009 on the basis of diversity jurisdiction. When this case was removed, Brian France swore that he was a citizen of Florida. Plaintiffs now challenge jurisdiction, claiming that Defendant Brian France is a citizen of North Carolina, thereby destroying diversity.

       Brian France—the CEO of NASCAR—has the following connections with Florida:

       He maintains three residences in Florida;

       He asserts that between June 2, 2008 and June 2, 2009, he spent over 50% of his nights in Florida;

       He is registered to vote in Florida;

1

He files his state and federal taxes as a Florida resident;

He lists Daytona Beach, Florida as his address on his passport;

He has a Florida driver's license that lists Daytona Beach, Florida as his address;

He has several automobiles registered in Florida;

He docks his boat in Florida;

He has a wife, Amy France, who asserts that she lives in Florida;

He is the CEO of NASCAR, which is headquartered in Florida;

He has his primary NASCAR office in Florida;

He is involved with thirteen Florida business entities; and

He was born, raised, and attended college in Florida.

In addition to Mr. France's connections with Florida, Mr. France maintains a number of residencies, cars, and businesses in several other states—primarily North Carolina and California. Mr. France's ex-wife and children live in North Carolina. Mr. France owns two homes in North Carolina, and asserts that he uses the larger home when he visits his children. His current wife, Amy France, listed one of these homes as her address on her 2008 federal and state tax forms. Amy France also has her mail sent to North Carolina and has a car registered in North Carolina.

Less than a week before removing this case, Mr. France filed a North Carolina state action in which he claimed to be "a citizen and resident of Daytona Beach, Florida, and Charlotte, Mecklenburg County, North Carolina." *France v. Garcia*, No. 09-CVS-10537 (N.C. Super. Ct. filed May 27, 2009). The complaint was written by Mr. France's attorney, Henry Pharr. Mr. Pharr testified that he did not consult with Mr. France about his domicile or

residencies; instead, he asked a colleague about where Mr. France owned property, and he used that information as the basis for the statements about Mr. France's citizenship and residencies. Mr. Pharr testified that the sentence in question was not supposed to reflect Mr. France's domicile. Mr. Pharr then sent the complaint to Mr. France so he could sign it. Mr. France states that he reviewed the claim before he signed it, but he focused upon the substantive claims.

Mr. France has submitted documents from other proceedings in which he claims only Florida citizenship and residency.

**DISCUSSION**

The party asserting federal court jurisdiction "shoulders the burden of proving by a preponderance of the evidence that diversity exists." *Hanks v. Coan*, No. 1:99CV00119, 1999 WL 1938851, at *2 (M.D.N.C. Aug. 17, 1999) (citing *Nat'l Artists Mgmt Co. v. Weaving*, 769 F. Supp. 1224, 1228 (S.D.N.Y.1991)). "For purposes of establishing diversity jurisdiction, 'a natural person's citizenship is determined by domicile. Although a person may have more than one residence, he may have only one domicile at any one time.'" *Id.* at *1 (quoting *Nat'l Artists Mgmt Co.*, 769 F. Supp. at 1227). Courts determine diversity jurisdiction by looking at the totality of the circumstances when the action was filed. *Porsche Cars N. Am., Inc. v. Porsche.net*, 302 F.3d 248, 255-56 (4th Cir. 2002) (citing *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991)); Hanks, 1999 WL at *3.

A person remains domiciled in the state he was born "'unless it can be shown that he has established a new domicile.'" *Hanks*, 1999 WL at *1 (quoting *Nat'l Artists Mgmt Co.*, 769 F. Supp. at 1227). In general, "domicile is an individual's place of residence where he intends to remain permanently or indefinitely and to which he intends to return whenever he is away." *Hollowell v. Hux*, 229 F. Supp. 50, 52 (E.D.N.C. 1964). A person's motive in changing or acquiring

"domicile is largely a matter of intention and the motive therefore is completely immaterial." *Id.* (citing 28 C.J.S. Domicile § 9).

Courts can look to the following when determining domicile: "the person's declarations, place of business, payment of taxes, house of residence, driver's license and automobile registration and title, ownership of real and personal property, telephone number and listing, payment for utilities, banking, receipt of mail, and exercise of political rights or satisfaction of the domicile's requirements to register and vote." *Janeau v. Pitman Mfg. Co.*, No. C-C-90-194-V, 1991 WL 538679, at *3 (W.D.N.C. Oct. 25, 1991). No single factor is determinative, *Webb v. Nolan*, 361 F. Supp. 418, 421 (M.D.N.C. 1972); however, some factors carry more weight. *Griffin v. Matthews*, 310 F. Supp. 341, 343 (M.D.N.C. 1969). "'Voting raises a presumption that the voter is a citizen in the state in which he votes,' and the presumption must be rebutted by evidence showing a clear intention that his citizenship is otherwise." *Id.* at 343 (quoting *Messick v. S. Pa. Bus Co., D.C.*, 59 F. Supp. 799, 801 (1945)).

Here, Mr. France establishes, by a preponderance of the evidence, that when the action was filed, his domicile was Florida. Mr. France was born in Florida, raised in Florida, and schooled in Florida. He has homes, cars, a boat, and businesses in Florida, where he asserts that he spends over 50% of his nights. Mr. France is the CEO of NASCAR, which is headquartered in Florida, and his main NASCAR office is in Florida. He files his federal and state taxes as a Florida resident, and he lists a Florida address on other important documents such as his passport and driver's license. Finally, Mr. France is registered to vote as a citizen of Florida. Taken as a whole, Mr. France evinces a clear intention to be domiciled in Florida.

Plaintiffs offer several arguments why the Court must find that Mr. France is a citizen of North Carolina: (1) he is estopped from denying North Carolina citizenship; (2) the evidence

4

establishes that he is a citizen of North Carolina; and (3) his claims of Florida domicile are not credible.

First, this Court will not estop Mr. France from denying North Carolina citizenship. "Judicial estoppel is an equitable doctrine that exists to prevent litigants from playing 'fast and loose' with the courts—to deter improper manipulation of the judiciary." *Folio v. City of Clarksburg, West Virginia*, 134 F.3d 1211, 1217 (4th Cir. 1998). A party can be estopped in the following circumstances: (1) the party is trying to "adopt a position that is inconsistent with a stance taken in prior litigation," (2) "the prior inconsistent position must have been accepted by the court," and (3) the party must have "intentionally misled the court to gain unfair advantage." *Zinkand v. Brown*, 478 F.3d 634, 638 (4th Cir. 2007) (internal quotations omitted).

Plaintiffs cannot show that Mr. France "intentionally misled the court to gain unfair advantage." *Id.* Mr. France did indeed claim to be a citizen and resident of North Carolina *and* Florida in prior litigation, and that position appears to have been accepted by the state court. But Mr. France does not appear to have done so intentionally. The state court filing in question was prepared by Mr. France's attorney, Henry Pharr. Mr. Pharr testified that he did not consult with Mr. France about his domicile or residencies; instead, he asked a colleague about where Mr. France owned property, and used that information as the basis for the statements about Mr. France's citizenship and residencies. Mr. Pharr testified that the sentence in question was not supposed to reflect Mr. France's domicile. Mr. Pharr then sent the complaint to Mr. France so he could sign it. Mr. France states that he reviewed the claim before he signed it, but he focused upon the substantive claims. Both Mr. France and Mr. Pharr testified that they did not discuss the issues of citizenship, residence, or domicile. Plaintiffs adduce no clear evidence that Mr. France intentionally mislead any court.

Second, as discussed above, the evidence established that Mr. France is a citizen of Florida.  Plaintiffs point to the complex structure of Mr. France's family, businesses, and property, and argue that Mr. France is a North Carolina citizen.  Plaintiffs cite a New York district court case for the proposition that "a married man's domicile is presumed to be where his wife and family [are], if that is at a permanent home, and there is no proof of separation." *Broadstone Realty Corp. v. Evans*, 213 F. Supp. 261, 265 (S.D.N.Y. 1962).[1]  Mr. France did indeed have children and an *ex-wife* in Charlotte in June of 2009, and he did indeed arrange for a nanny and his former in-laws to live in Charlotte.  Mr. France has cars and homes, including a 10,000 square foot home in Charlotte. But these facts are not dispositive.  Mr. France is the CEO of a large corporation and a man of great personal wealth; though his lifestyle choices might seem incredible to some, the fact remains that the overwhelming indicia of Mr. France's domicile point to Florida.

The Court is likewise unmoved by Plaintiffs' discussion of Amy France's use of a Charlotte address on her taxes and postal service.  Plaintiffs do not cite a Fourth Circuit case in which a man is presumed to be domiciled where his wife is domiciled.  Further, Amy France asserts that she uses a Charlotte address for the sake of convenience, and that her home is in Florida.

Plaintiffs also argue that Mr. France is asserting Florida citizenship for tax purposes.  Mr. France's motives, whatever they might be, are irrelevant.  *See Hollowell*, 229 F. Supp. at 52.

Third, Mr. France's statements about his property and domicile were credible.  Mr. France has numerous cars and homes, and at least one boat.  The Court finds that Mr. France

---

[1] This case is not binding because the deciding court was not in the Fourth Circuit..

testified as best he could about his personal property, and does not slight Mr. France if his recollection was not accurate on every point. For example, Mr. France incorrectly stated that his boat was registered in Florida when it was in fact registered in Delaware. Mr. France does assert that his boat is docked in Florida, and he could have reasonably been mistaken as to where it was registered. Finally, as discussed above, the Court finds that Mr. France made an honest mistake in signing the state court filing in which he claimed to be a citizen of Florida and North Carolina. The error might portray carelessness on the part of Mr. France and his lawyer, but it does not eviscerate Mr. France's credibility.

**CONCLUSION**

For the reasons given above, Plaintiffs' Motion to Remand is **DENIED**.

Signed: April 6, 2010

Graham C. Mullen
United States District Judge