THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-CV-220-GCM

JEREMY ALLEN MAYFIELD and )
MAYFIELD MOTORSPORTS, INC., )
                                              )
        Plaintiffs,                           )
                                              )
        v.                                    )        ORDER
                                              )
NATIONAL ASSOCIATION FOR STOCK  )
CAR AUTO RACING, INC.; et al,    )
                                              )
        Defendants.                           )
_____)

**THIS MATTER** is before the Court on Plaintiffs' Motion to Vacate the May 18, 2010 Order Dismissing Plaintiffs' Claims ("Order") (Doc 142). Plaintiffs request relief pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), and in the alternative, they wish to amend their complaint to include other claims. In its May 18, 2010 Order, this Court dismissed each of the Plaintiffs' five causes of action for multiple, independent reasons. The May 18 Order was an interlocutory decision, as Defendants' counterclaims are still pending before this Court.

**I. LEGAL STANDAND**

Plaintiffs submit their motion pursuant to Federal Rules of Civil Procedure 59(e) and 60(b); however, their reliance on these rules is misplaced, as they are not applicable to interlocutory decisions. *See* Order (Doc. 51) at 1; *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469-70 (4th Cir. 1991). By their express terms, these only apply to a final judgment. *Id.* However, a district court may reconsider an interlocutory order at anytime by treating the order as one filed under Federal Rule of Civil Procedure 54(b). *Id.* Under Rule 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or

the rights and liabilities of fewer than all the parties" may be revisited by the court at any time before an entry of final judgment.

This Court will therefore construe Plaintiffs' Motion as being brought pursuant to Rule 54(b).

## II. DISCUSSION

### a. Plaintiff's Motion for Reconsideration

Fed. R. Civ. P. 54(b) does not set out any standard for reconsideration of interlocutory orders. The Fourth Circuit has determined that, "[m]otions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe Ass'n v. Murphy Farms, Inc*., 326 F.3d 505, 514 (4th Cir. 2003). Various judicial doctrines, such as the "law of the case," have evolved to guide a court's discretion. *Akeva v. Adidas,* 385 F. Supp. 2d 559, 565 (M.D.N.C. 2005). It is well settled that a district court should reconsider its prior interlocutory order only where (1) there has been an intervening change in controlling law, (2) there is additional evidence not previously available, or (3) the prior decision was based on clear error or will work a manifest injustice. *Id.*; *see also Baytree Associates, Inc. v. Dantzler, Inc*., 2008 WL 2182202, at *3 (W.D.N.C. 2008); *Sejman v. Warner-Lambert Co*., 845 F.2d 66, 69 (4th Cir. 1988).

Plaintiffs fail to show any reason why this Court should reconsider its prior Order. Plaintiffs do not assert there has been an intervening change in controlling law or that there is additional evidence not previously available. Plaintiffs' Motion also does not show any "manifest injustice" or clear error. This Court found Plaintiffs' contractual release of Defendants to be one of the reasons they failed to state a valid cause of action. Plaintiffs allege that because

NASCAR is able to continue to pursue its claims based on the same contract, the Court's finding works a "manifest injustice."

Plaintiffs fail to explain any reasonable grounds upon which their release of Defendants works such an injustice and their argument ignores this Court's dismissal of each of Plaintiffs' claims on other alternative and independent grounds. *See* Order (Doc. 142 at 10-12) (dismissing defamation claims because Plaintiffs could not show that Defendants acted with "actual malice"); (*id*. at 12-16) (dismissing North Carolina Persons With Disabilities Protection Act claim because Mayfield was not a NASCAR employee, nor was he a "qualified person with a disability"); (*id*. at 16-18) (dismissing Unfair and Deceptive Trade Practices Act claim based on failure to allege sufficient facts to support that claim); (*id* at 18-21) (dismissing contract claim because Defendants had no duty to follow Federal Workplace Guidelines in testing Mayfield's urine samples and did follow NASCAR's Substance Abuse Policy); (*id*. at 22-25) (dismissing negligence claim for failure to articulate any tort duty). Plaintiffs' claims were properly dismissed as legally deficient.

Plaintiffs also attempt to argue under *Ellison v. Hunsinger*, 75 S.E.2d 884 (1984), that the laws of North Carolina preclude the application of Florida law in this instance. *Ellison* states that a North Carolina court can refuse to enforce the law of another state only where such enforcement "is against good morals or natural justice, or that for some other such reason the enforcement of it would be prejudicial to the general interests of our own citizens." *Id*. at 891 (quoting *In re Chase*, 141 S.E. 471, 473 (N.C. 1928)). Plaintiffs argue that releases of intentional torts violate public policy. This court has already considered and rejected Plaintiffs' arguments:

> Plaintiffs march out a parade of horribles that would result if the parties were allowed to contract around intentional torts, including the prospect of someone breaking into the lab and planting a positive urine sample. This Court

acknowledges – in accordance with Florida law – there is a point when public policy would dictate that a release goes too far in its language or application; that instance is not before us.

Order (Doc. 142 at 9).

**b. Plaintiffs' Request for leave to Amend**

Plaintiffs' request to amend its complaint is also denied as futile. The general rule is that leave to amend a complaint under Fed. R. Civ. P. 15(a) should be freely given, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (internal quotation marks omitted); s*ee also Steinberg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390-91 (4th Cir. 2008) (affirming denial of request for leave to amend complaint where plaintiff had "pointed to no material in his proposed amended complaint that would have changed the analysis conducted by the district court"); *Jadalie v. Alamance Reg'l Med. Ctr.*, 399 F. Supp. 2d 675, 679 (M.D.N.C. 2005) (holding that denial of request to amend complaint was proper where plaintiff "failed to include in his proposed Amended Complaint sufficient allegations to state a claim upon which relief may be granted")*; Torpharm Inc. v. Novopharm Ltd*., 1998 WL 34137163, at *3 (E.D.N.C. May 26, 1998) (denying motion for leave to amend where amendment would be futile). A district court's decision to deny a motion to amend is reviewed only for abuse of discretion. *Glaser v. Enzo Biochem, Inc*., 464 F.3d 474, 476 (4th Cir. 2006).

Plaintiffs have repeatedly asserted that they can and will bring viable claims of tortious interference with contractual or business relations, but have yet to state a single example as to how they will do this or submit a proposed Amended Complaint. Plaintiffs maintain in their Motion they are "confident" that they can bring valid claims for tortious interference unrelated to

NASCAR's substance abuse policy, yet in their next sentence Plaintiffs state that these "causes of action must involve implementation of the policy." (Pl. Mot. Doc. 143 at 3.) The logical inconsistencies in Plaintiffs' arguments are further compounded by the fact that they propose no specific amendments to their prior claims and have not shown how any amended complaint would remedy the many other deficiencies that caused the Court to dismiss Plaintiffs' claims. As Plaintiffs have failed to hint at any additional allegations upon which relief could be granted, granting Plaintiffs' leave to amend will be an exercise in futility and would prejudice Defendants.

## III. CONCLUSION

For the reasons stated above, the Court finds and concludes that Plaintiffs' Motion for Reconsideration has failed to show any manifest injustice with the May 18, 2010 Order. (Doc. 142). Additionally, Plaintiffs' request for leave to amend their complaint is futile. Plaintiffs' Motion is therefore denied.

**SO ORDERED.**

Signed: August 12, 2010

Graham C. Mullen
United States District Judge