
FILED
CHARLOTTE, NC

SEP 29 2010

U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

| | | |
|---|---|---|
| JEREMY ALLEN MAYFIELD and MAYFIELD MOTOR SPORTS, INC., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | ORDER |
| NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, INC.; BRIAN ZACHARY FRANCE; AEGIS SCIENCES CORP.; DAVID LEE BLACK, Ph.D; and DOUGLAS F. AUKERMAN, M.D., | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

THIS MATTER is before the Court upon Defendants' Motion to Dismiss Its Counterclaims filed September 23, 2010; and Plaintiffs' Response to the Motion filed on September 28, 2010. (Docs. 163, 165). This Court dismissed each of Plaintiffs' five causes of action on May 18, 2010 and denied Plaintiffs' subsequent Motion to Vacate and Motion to Amend on August 12, 2010. (Docs. 142, 149). For the reasons stated below, the Motion is GRANTED.

Defendants' counterclaims are the only remaining causes of action in this matter. Plaintiffs object to Defendants' Motion to Dismiss Its Counterclaims in as much as Defendants request that the claims be dismissed without prejudice. Plaintiffs argue that the claims should be dismissed with prejudice, or in the alternative a dismissal without prejudice should be conditioned on the award of reasonable costs and attorney's fees pursuant to Federal Rule of Civil Procedure 41(a)(2).

Federal Rule of Civil Procedure 41(a)(2) and (c) provide that once a responsive pleading has been served a counterclaim may be dismissed at the claimant's request "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). It is a matter for the discretion of the trial court to grant such a dismissal and it can "impose conditions on voluntary dismissal to obviate any prejudice to the defendants which may otherwise result from dismissal without prejudice." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). The traditional principal is that dismissal should be allowed "unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." Wright & Miller Federal Practice and Procedure Civil 3d § 2364 (2010). Nor will the possibility that plaintiff will gain a tactical advantage over the defendant in future litigation be sufficient to "bar a second suit." *Davis* at 1274.

In deciding a motion to dismiss without prejudice under 41(a)(2) "a district court should consider factors such as the opposing party's effort and expenses in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a voluntary dismissal, as well as the present stage of litigation." *Howard v. Inova Health Care Servs.*, 302 F. App'x 166, 179 (4th Cir. 2008).

Plaintiffs first argue that because this litigation, including Defendants' counterclaims, has been before the Court for fifteen months a dismissal without prejudice that would allow Defendants' to bring these claims at a later time and force Plaintiffs to bear the burden and expense involved in re-litigating these issues a second time would be unfair. However, the "mere possibility of a second lawsuit" is not sufficient to deny a Motion for Voluntary Dismissal. *Davis* at 1274. Furthermore, although it is true that this case has been before the Court for fifteen months, the lengthy discovery process was not due solely to Defendants'

counterclaims but also to Plaintiffs' original Complaint. There is no indication of any lack of diligence or excessive delay on Defendants' part; in fact, Defendant submits this Motion to Dismiss Its Counterclaims only forty-one days after this Court's Order denying Plaintiff's Motion to Vacate. (Doc. 149).

Defendant asserts that it seeks this dismissal because the parties require certainty as to whether this Court's Order dismissing Plaintiffs' claims will be affirmed on appeal in order to resolve the disputes between the parties; and that, the most effective way to achieve this is to have a final judgment in this matter, rather than to pursue its Motion for a Stay. (Doc. 157). Due to the extremely contentious nature of this case, this Court is inclined to agree that allowing further motion practice while awaiting a decision on appeal is not an efficient use of either the parties' or this Court's limited resources.

In the alternative, Plaintiff argues that, should the dismissal be made without prejudice, given the "extent of discovery and the late stage of litigation" the costs and fees of litigating Defendants' counterclaims should be awarded to Plaintiffs. (Pl. Br. 4). Plaintiffs correctly point out that the award of such costs and fees as a condition of dismissal has become "commonplace." Wright & Miller Federal Practice and Procedure Civil 3d § 2366 (2010). However, the District Court is not obligated to order payment of the fee. *Painter v. Golden Rule Ins. Co.*, 121 F.3d 436 (8th Cir. 1997), cert. denied, 523 U.S. 1074 (1998). And the cases Plaintiffs cite in support of such an award are all actions in which a plaintiff sought dismissal of its claims against a defendant, not where a defendant seeks dismissal of its counterclaims against a plaintiff. As noted above, here Defendant promptly brought a Motion to Dismiss its counterclaims following the denial of Plaintiffs' Motion to Vacate. As such, it is not appropriate

to award to Plaintiff the costs and fees of defending Defendants' counterclaims throughout the course of the litigation.

For the reasons stated above, Defendants' Motion to Dismiss Its Counterclaims is GRANTED without prejudice.

The Clerk is hereby ORDERED to enter a Final Judgment in this case, and any outstanding Motions are therefore rendered moot.

SO ORDERED.

Signed: September 29, 2010

Title of Signing Officer
United States District Court