THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-CV-220-GCM

| | | |
|---|---|---|
| JEREMY ALLEN MAYFIELD and MAYFIELD MOTORSPORTS, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, INC., et al, | ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the Court on Plaintiffs' Motion for Reconsideration and Motion to Amend. [D.I. 168]. Plaintiffs request relief pursuant to Federal Rules of Civil Procedure 54(b), 59(e) and/or 60(b); they also wish to amend their complaint to include other claims. In its May 18, 2010 Order, this Court dismissed each of the Plaintiffs' five causes of action for multiple, independent reasons. [D.I. 142]. Final judgment was entered in this case on September 29, 2010 [D.I. 167], prior to the Plaintiff's instant motion, as a result of the Court's Order approving Defendant's voluntarily dismissal of their counterclaims. [D.I. 166]. Plaintiffs filed the instant motion claiming to have discovered new evidence as proof of the Defendants' personal animus toward Mr. Mayfield. The Plaintiffs assert, based upon the testimony of Mr. France's ex-wife's parents, that Mr. France ordered Mr. Mayfield "black-flagged" in the Brickyard 400 Race in 2006, meaning that the driver is forced to pit his vehicle to address a NASCAR concern, such as a rule violation. Plaintiffs assert Mr. France "black-flagged" Mr. Mayfield for reasons of personal animus and to diminish Mr. Mayfield's career, and that these new allegations bolster their existing claims and give a basis for new claims not previously pled.

# I. RECONSIDERATION

## A. Legal Standards

Plaintiffs urge the Court to apply Federal Rule of Civil Procedure 54(b) to their Motion for Reconsideration. Under Rule 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" may be revisited by the court at any time before an entry of final judgment. Use of Rule 54(b) is inappropriate here. By its terms, Rule 54 applies at any time *before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.* Fed. R. Civ. P. 54(b)(emphasis added). Final judgment was entered in this case; all claims have been adjudicated and the case is closed. Plaintiffs' argument that if they had filed their Motion and Amended Complaint hours earlier the pleadings would have been considered under Rule 54(b) is unavailing, particularly in light of the seventeen months of previous litigation in this Court. The case Plaintiffs cite to support their request to apply Rule 54(b) is also unpersuasive, as in that case the Court of Appeals construed the District Court's decision as one on partial summary judgment, which is an interlocutory decision requiring the application of Rule 54(b). Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514 (4th Cir. 2003). Here, there is no question that the judgment entered was final; all claims have been adjudicated or dismissed. Thus, Rules 59 and/or 60 apply to the Plaintiff's request for reconsideration.

Rule 59(e) may apply in three situations: "(1) to accomodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634 (4th Cir. 2007)(internal citations omitted). A Rule 59(e) motion to amend is "an extraordinary remedy which should be used sparingly." Project Control Servs. v. Westinghouse Savannah River Co.,

35 Fed. App'x. 359, 365 (4th Cir. 2002) (quoting <u>EEOC v. Lockheed Martin Corp.</u>, 116 F.3d 110, 112 (4th Cir. 1997). In a similar vein, Rule 60 provides relief from a final judgment because of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). The remedy provided by Rule 60 is also extraordinary and is only to be invoked upon a showing of exceptional circumstances. <u>Ackermann v. United States</u>, 340 U.S. 193, 202 (1950); <u>Nat'l Credit Union Admin. Bd. v. Gray</u>, 1 F.3d 262, 266 (4th Cir. 1993)(quoting <u>Compton v. Alton Steamship Co.</u>, 608 F.2d 96, 102 (4th Cir. 1979).

**B. Analysis**

Neither of these standards is met here; plaintiffs fail to demonstrate any "extraordinary circumstances" leading this Court to reconsider its prior Order. Plaintiffs do not assert there has been an intervening change in controlling law; they simply attempt to relitigate an issue that has already been decided in this Court. The Court decided that the Plaintiffs waived all their claims related to the Substance Abuse Policy, including their intentional tort claims. [D.I. 142]. Plaintiffs have not presented intervening law to cause reconsideration of that decision. Second, the Plaintiffs urge the Court to consider "new" evidence not available at trial, concerning a 2006 race and an alleged "black flag" ordered by Brian France. The Defendants point out that the Plaintiff litigated the very event upon which they purport to have discovered new evidence and made no mention of the Defendant's supposed blag flag, instead blaming an unreliable car for the Plaintiff's performance in the race. <u>See</u> Defendant's Memorandum of Law in Opposition to Plaintiffs' Motion for Reconsideration and Leave to Amend the Complaint at 16-17 [D.I. 171]. Plaintiffs give no compelling reason that this evidence, supposedly from 2006, was not discovered prior to this proceeding, particularly in light of the fact that the Plaintiff already

litigated the matter and thus presumably would have had a chance for discovery and investigation of the events at the Brickyard 400. Additionally, the fact that the Plaintiff litigated the matter and made no mention of any black flag during the litigation, as well as the compelling evidence the Defendants offer on Mr. France's travel schedule, the recorded conversations between Mr. Mayfield and his pit crew during the Brickyard 400 and the affidavits of several NASCAR officials asserting they did not issue any black flags at the Brickyard 400 in 2006, casts serious doubt on the validity of Plaintiff's new evidence. The Court need not decide this matter on the validity of the evidence, however, because Plaintiffs have not shown that they have a sufficient reason for not presenting this evidence until now. Last, based on the reasoning in the May 18, 2010 Order, the Court does not find any clear errors of law. [D.I. 142]. Plaintiffs have raised no arguments persuading this Court that there is any reason justifying this "extraordinary remedy."

## II. Motion to Amend

### A. Legal Standard

Federal Rule of Civil Procedure 15(a)(2) provides that "the court should freely give leave [to amend] when justice so requires." Leave to amend should be given absent "bad faith, undue prejudice to the moving party, or the amendment would be futile." United States v. Pittman, 209 F.3d 172, 193 (4th Cir. 2000). The leave to amend standard applies throughout litigation, even post-judgment. Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc., 576 F.3d 172 (4 Th Cir. 2009). However, "[t]here is one different between a pre- and a post-judgment motion to amend: *the district court may not grant the post-judgment motion unless the judgment is vacated pursuant to Rule 59(e) or [Rule] 60(b)*." Id. (emphais added)(quoting Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006)).

### B. Analysis

The Defendants allege the Plaintiffs filed these pleadings in bad faith. The Court finds it unnecessary to base the denial of the Plaintiff's motion on bad faith and thus unnecessary to decide the issue; however, the Defendants have called the Plaintiff's purported evidence into serious question. The Court observes that allowing the Plaintiffs to amend the complaint based upon "new" facts from 2006 would likely be prejudicial to the Defendants based on the length of time of the litigation and the assertion, not simply of a new legal theory, but of an entirely new event and nucleus of facts. However, these observations are unnecessary in light of the fact that the Plaintiff's Motion for Reconsideration has been denied, and thus the Court may not grant the post-judgment motion to amend.

### III. Defendant's Request for Sanctions

This litigation has been extraordinarily and unnecessarily contentious. The Court did find these pleadings to be unwarranted, but declines to impose sanctions at this time; however, if Plaintiffs continue to file unsubstantiated pleadings that are prejudicial to the Defendants, the decision not to impose sanctions will be revisited.

It is **HEREBY ORDERED** that the Plaintiff's Motions to Amend and for Reconsideration, and the Defendant's Request for Sanctions are **DENIED**.

Signed: December 13, 2010

Graham C. Mullen
United States District Judge